IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-20-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JEANETTE PAYNE, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Payne of violating the conditions of her supervised release by consuming alcohol. She admitted the allegation. Her supervised release should be revoked. She should be sentenced to six months in custody, with thirty months of supervised release to follow.

## II. Status

United States District Judge Brian Morris sentenced Ms. Payne to twelve

months in custody and forty-eight months of supervised release to follow on September 4, 2014, after she pleaded guilty to Distribution of a Controlled Substance. (Doc. 27.) She began her current term of supervised release on March 28, 2015.

Judge Morris modified Ms. Payne's conditions of supervised release on December 20, 2016, to include a four month term of house arrest after she provided a breath sample of .169 during a home visit by her probation officer. (Doc. 39.)

**Petition**

The United States Probation Office filed a Petition for Warrant for Offender Under supervision on May 10, 2017, alleging that Ms. Payne violated the conditions of her supervised release by consuming alcohol. (Doc. 40.) Based on the petition, Judge Morris issued a warrant for her arrest. (Doc. 41.)

**Initial appearance**

Mr. Payne appeared before the undersigned on May 31, 2017, in Great Falls, Montana, for an initial appearance. Federal Defender Jocelyn Hunt accompanied her at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Ms. Payne said she had read the petition and understood the allegations. She waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

Ms. Payne admitted that she violated the conditions of her supervised. The violations are serious and warrants revocation of her supervised release.

Ms. Payne's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class B felony. She could be incarcerated for up to thirty-six months. She could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Ms. Hunt recommended a non-custodial sentence to include house arrest and sweat-patch testing. Ms. Payne exercised her right of allocution and stated that she drank because the father of her twins died that day. Ms. Betley recommended a low-end sentence, with supervised release to follow.

### III. Analysis

Ms. Payne's supervised release should be revoked because she admitted violating its conditions. She should be sentenced to six months in custody, with thirty months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Ms. Payne was advised that the above sentence would be recommended to

Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

Jeanette Payne violated the conditions of her supervised release by consuming alcohol.

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Ms. Payne's supervised release and committing her to the custody of the United States Bureau of Prisons for six months, with thirty months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 12th day of June 2017.

John Johnston
United States Magistrate Judge