## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>JEANETTE PAYNE,<br><br>       Defendant. | CR 14-20-GF-SPW-JTJ<br><br>**FINDINGS AND**<br>**RECOMMENDATIONS** |

### I.  Synopsis

Defendant Jeanette Payne (Payne) has been accused of violating the conditions of her supervised release.  Payne admitted all of the alleged violations. Payne's supervised release should be revoked.  Payne should be placed in custody for 5 months, with no supervised release to follow.

### II.  Status

Payne pleaded guilty to Distribution of Methamphetamine on May 29, 2014.  The Court sentenced Payne to 12 months of custody, followed by 4 years of supervised release.  Payne's current term of supervised release began on August 30, 2019.  (Doc. 83 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Payne's supervised release on August 6, 2020.  (Doc. 83).  The Petition alleged that Payne violated the conditions of her supervised release: by consuming alcohol on two separate occasions; 2) by using Kratom on two separate occasions; and 3) by failing to successfully complete her substance abuse treatment program.

**Initial appearance**

Payne appeared before the undersigned for her initial appearance on August 11, 2020.  Payne was represented by counsel.  Payne stated that she had read the petition and that she understood the allegations.  Payne waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 11, 2020.  Payne admitted that she had violated the conditions of his supervised release: 1) by consuming alcohol on two separate occasions; 2) by using Kratom on two separate occasions; and 3) by failing to successfully complete her substance abuse treatment program.  The violations are serious and warrant revocation of Payne's supervised release.

2

Payne's violations are Grade C violations. Payne's criminal history category is I. Payne's underlying offense is a Class C felony. Payne could be incarcerated for up to 24 months. Payne could be ordered to remain on supervised release for up to 21 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.  Analysis

Payne's supervised release should be revoked. Payne should be incarcerated for 5 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. The supervised release conditions imposed previously should be continued.

## IV.  Conclusion

The Court informed Payne that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Payne of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Payne that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Payne stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

3

The Court **FINDS:**

> That Jeanette Payne violated the conditions of her supervised release: by consuming alcohol on two separate occasions; by using Kratom on two separate occasions; and by failing to successfully complete her substance abuse treatment program.

The Court **RECOMMENDS:**

> That the District Court revoke Payne's supervised release and commit her to the custody of the United States Bureau of Prisons for 5 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and

4

may waive the right to appear and allocute before a district court judge.

DATED this 12th day of August, 2020.

John Johnston
United States Magistrate Judge

5